# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CEDRIC JAMES SIMPSON,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2016

No. 324889
Oakland Circuit Court
LC No. 2012-243160-FH

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by leave granted following his guilty plea on the charge of Surveillance of an Unclothed Person (Second or Subsequent Offense), MCL 750.539j(2)(a)(*ii*). We affirm defendant's conviction and the order requiring him to reimburse the county for the cost of providing him court-appointed and advisory standby counsel, but remand for the ministerial task of correcting the judgment of sentence to reflect tier II, rather than tier III, registration under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*.

Defendant looked over a bathroom stall and watched an adult woman use the restroom. On appeal, defendant argues that the trial court erred in requiring him to register as a tier III sex offender under SORA. The prosecution concedes this error and states "that this matter should be remanded to the trial court for the ministerial task of correcting the Judgment of Sentence to reflect Tier II, rather than Tier III, SORA registration." We agree.

Next, defendant argues that, because he represented himself during the proceedings, it was improper for the trial court to order him to reimburse the county for the costs of providing him advisory standby counsel. After review for plain error affecting substantial rights because this issue is raised for the first time on appeal, we disagree. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Pursuant to MCL 769.1k(1)(b)(*iv*), "the court may impose . . . [t]he expenses of providing legal assistance to the defendant." Defendant does not challenge the trial court's authority to order reimbursement of the cost of providing him legal counsel. Rather, defendant argues that he should not be required to pay "for the 'assistance' of standby counsel that he did not request" and who "did nothing more than observe the proceedings."

However, at no time did defendant object to the appointment of Howard Arnkoff as his advisory standby counsel. In fact, Arnkoff attended every hearing and often assisted defendant during those hearings, raising questions and speaking on his behalf, without objection by defendant. That is, contrary to defendant's claim, Arnkoff did much more than just observe the proceedings.

For example, at the January 22, 2014 pretrial, Arnkoff noted that he was assisting defendant with the filing of a praecipe for a motion, assisting defendant in scheduling a hearing on his various motions, and requesting the writ of habeas corpus from the prosecutor in that regard. At a February 26, 2014 motion hearing on defendant's several motions, Arnkoff noted that he had advised defendant as to the procedure for arguing his motions, and actually argued one of defendant's motions on his behalf. And with regard to defendant's motion to interview witnesses, defendant argued that he had a right to interview the prosecutor's witnesses and requested that Arnkoff be permitted to do so on his behalf, which Arnkoff agreed to arrange with the prosecutor. And with regard to defendant's motion to suppress his statements, Arnkoff advised the court that he had already requested from the prosecutor any video recordings of defendant's police statements or interviews. Further, on the date scheduled for the jury trial, May 12, 2014, Arnkoff advised the court that he went to see defendant in jail the day before and defendant had decided to enter a guilty plea, but Arnkoff requested a Cobbs agreement for a concurrent, rather than consecutive, sentence if defendant pleaded to the charge. And then at sentencing, on June 4, 2014, Arnkoff advised the court that he had reviewed the presentence report and found an error in that it indicated a consecutive sentence was to be rendered contrary to the Cobbs agreement.

It is clear from the record that Arnkoff played an active role in defendant's representation and provided considerable legal assistance on which defendant relied upon and from which he benefited. Accordingly, we conclude that the assessment of the contested legal fee does not constitute plain error affecting defendant's substantial rights. See *Carines*, 460 Mich at 763-764.

Finally, defendant contends in his Standard 4 Brief that the trial court improperly ordered him to pay $2,725 in court-appointed and advisory attorney fees because they were not specifically set forth on the judgment of sentence when it was issued. We disagree.

On October 10, 2012, the date of his arraignment, defendant was represented by Mark A. Chadwick and, on March 20, 2013, the trial court ordered defendant to pay $995 for his representation. As of March 20, 2013, attorney Madelaine Lyda was appointed to represent defendant and, on November 5, 2013, defendant was ordered to pay $785 in fees for her representation. On October 31, 2013, Arnkoff was ordered to represent defendant and, on July 24, 2014, defendant was ordered to pay $945 for his representation. Defendant's legal fees total $2,725, but he argues that he should not have to pay them because they were not specifically listed on the judgment of sentence.

At sentencing, the trial court indicated that part of defendant's sentence was that he would have to "reimburse the county for the cost of the attorneys who've represented you as well as the advisor." Subsequently, the judgment of sentence states: "ATTORNEY FEES TO BE DETERMINED. . . . ADVISOR FEES TO BE DETERMINED." Thus, these fees were assessed at the time of sentencing, and the trial court only waited for Oakland County to submit

Arnkoff's exact fees, as the other fees had already been assessed by the time of the sentencing. Pursuant to MCL 769.1k(b)(*iv*), "the court may impose . . . "[t]he expenses of providing legal assistance to the defendant." The trial court did just that, and we find no error.

Affirmed, but remanded for the ministerial task of correcting defendant's judgment of sentence to reflect the requirement that defendant register as a tier II sex offender, rather than as a tier III sex offender under SORA. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh